IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAVANNAH CHILDREN'S, LLC, MICHAEL
KENNEDY, AND STRASBURG CHILDREN,
LLC,

      Petitioners,

v.

JARVIS CONSULTING & INVESTMENT,
INCORPORATED,

      Respondent.

Case No. 16-MC-203-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioners Savannah Children's LLC ("Savannah"), Michael Kennedy, and Strasburg Children, LLC's First Amended Motion to Vacate Arbitration Award (Doc. 4). On April 7, 2016, the Court heard oral argument from the parties on Petitioners' motion. The matter is fully briefed and having considered the parties' briefs and arguments at the April 7 hearing, the Court is prepared to rule. Based on the reasons set forth below, the Court grants Petitioners' motion and remands this case for arbitration.

**I.     Background**

In May 2014, Petitioner Savannah entered into a Consulting Agreement ("Agreement") with Respondent Jarvis Consulting & Investment, Inc. Under the agreement, Respondent agreed to provide consulting services as specified by Petitioner Savannah. The agreement provided the following concerning notice to be given by the parties:

> **Notices.**  Any notices to be given hereunder by either party to the other may be transmitted by personal delivery in writing or by mail, registered or certified, postage prepaid with return receipt requested. Mailed notices shall be addressed to the parties at the addresses each party has advised by written notice it should receive such notice. Notices delivered personally will be deemed communicated

as of actual receipt; mailed notices will be deemed communicated as of five (5) days after mailing.[1]

On January 25, 2015, Petitioner Savannah, believing that Respondent had failed to perform in accordance with the terms outlined in the Agreement, sent a letter to Respondent terminating the Agreement. The return address provided in this letter for Savannah—4231 Harding Pike, Nashville, TN 37205—was the same address reflected in a change of address form that Savannah had previously filed with the State of Tennessee on September 18, 2014.[2]

On June 15, 2015, Respondent filed a Demand for Arbitration against Petitioner Savannah with the American Arbitration Association ("AAA"). The initial notice of the Demand for Arbitration was mailed via United States mail by the AAA to the following address: Apartment X5, 1900 Richard Jones Rd., Nashville, TN 37215-2936.[3] Savannah had never provided this address to Respondent as an address at which it would receive notices. However, Respondent contends that this was the address of record with the Tennessee Secretary of State for Petitioner Savannah's registered agent at the time the AAA mailed the notice.

On September 22, 2015, Respondent filed an Amended Demand for Arbitration with the AAA. This demand included claims against Petitioners Savannah, Michael Kennedy, and Strasburg Children. Mr. Kennedy is a manager of Savannah. On October 20, 2015, the AAA mailed a notice of hearing on Respondent's Amended Demand for Arbitration to the address for Savannah's registered agent, Apartment X5, 1900 Richard Jones Rd., Nashville, TN 37215-2936.[4] Petitioners allege that the person living at this address, Rachel Wilkins, never received

---

[1] Doc. 1, Ex. A ¶ 9.

[2] *Id.*, Ex. B at 4; Doc. 4 at 3.

[3] Doc. 7, Exs. 1 & 2.

[4] *Id.*, Ex. 2.

2

notice of any arbitration proceedings.[5]  The notice stated that the hearing would be held by AAA arbitrator Robert Best on December 15, 2015.[6]

On December 11, 2015, Respondent attempted to send the exhibits it intended to submit at the December 15 hearing to the following email addresses for Mr. Kennedy: mike@colliers.com; mike@deliverancecaptial (sic); and mkennedy@kennedycommercial.com. The first email address was deactivated in 2013, and thus emails sent to that address were returned to Respondent.  The second email address was spelled incorrectly, and thus the email did not arrive at this address.  The final email address was active and was spelled correctly, but Petitioners allege that Mr. Kennedy did not receive the email at this address, perhaps because of the size of the attached document.[7]

Mr. Best held the scheduled arbitration hearing on December 15, 2015, during which Respondent presented evidence and argument.  Petitioners did not appear at this hearing.  At the conclusion of the hearing, Mr. Best entered an award in favor of Respondent against Petitioners. Mr. Best concluded that Mr. Kennedy and Strasburg Children were alter egos of Savannah, and were thus subject to joint and several liability.

On December 30, 2015, the AAA sent an email to Mr. Kennedy providing a Notice of Decision.  Mr. Kennedy received this email and contacted the AAA representative to seek an opportunity to be heard.  In response, Mr. Best set a hearing for January 15, 2016, on the issue of whether Petitioners had received notice of the proceedings and why a default should not be entered.  Although counsel for Petitioners informed Mr. Best that he would be unavailable for

---

[5] *See* Doc. 8, Ex. B.
[6] *Id.*
[7] Doc. 5 at 5.

the hearing because of a family medical emergency, Mr. Best refused to postpone the hearing and thus counsel was unable to attend.

At the January 15, 2016 hearing, counsel for Respondent presented evidence that notice of the December 15, 2015 hearing was sent to Mr. Kennedy's three email addresses. Mr. Best refused to allow Mr. Kennedy to present evidence as to the underlying claims or the merits at this hearing. On January 19, 2016, the Arbitrator issued an award in favor of Respondent.

## II.     Discussion

Petitioners move to vacate the arbitration award on three grounds. First, they argue that they did not receive notice of Respondent's demand for arbitration or the December 15, 2015 hearing until two weeks after the hearing was concluded. Thus, petitioners argue that they were denied a meaningful opportunity to be heard on Respondent's claims. Second, Petitioners contend that it was arbitrary, unfair, and prejudicial for Mr. Best to refuse to postpone the January 15, 2016 hearing to allow counsel for Petitioners to attend. Finally, they argue that the arbitrator exceeded his authority when he imposed joint and several liability on Michael Kennedy and Strasburg Children, who were not parties to the underlying agreement.

Respondent counters that Petitioners were provided sufficient notice of the demand for arbitration and the December 15 hearing, and thus Mr. Best was justified in refusing to postpone the January 15 hearing. Additionally, Respondent asserts that Mr. Best was well within his authority to enter an award against Mr. Kennedy and Strasburg Children.

### A.     Legal Standards

The Federal Arbitration Act ("FAA") governs all arbitration agreements evidencing a transaction "involving commerce."[8] Thus, the FAA governs this proceeding. The FAA

---

[8] 9 U.S.C. § 2; *In re Arbitration Between Ins. Intermediaries, Inc. & Harbor Underwriters, Inc.*, No. 02-2156, 2002 WL 1602417, at *2 n.1 (D. Kan. July 17, 2002).

4

expresses a federal policy favoring arbitration.[9] A court may vacate an arbitration award only on limited grounds.[10] Under the FAA, a court may vacate an arbitration award based on the following grounds:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.[11]

Additionally, the Tenth Circuit has recognized a few non-statutory grounds on which to vacate an arbitration award.[12] These grounds include the lack of a fundamentally fair arbitration hearing.[13] "A fundamentally fair hearing requires only notice, opportunity to be heard and to present relevant and material evidence and argument before the decision makers, and that the decisionmakers are not infected with bias."[14] Thus, if these elements are missing, a court may vacate the arbitration award.

### B. Notice of Demand for Arbitration and Hearing

Petitioners argue that they were denied a fundamentally fair hearing because they did not receive notice of Respondent's demand for arbitration or the December 15 hearing until after the

---

[9] *Bowen v. Amoco Pipeline Co.,* 254 F.3d 925, 932 (10th Cir. 2001).

[10] *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1275 (10th Cir. 2005).

[11] 9 U.S.C. § 10.

[12] *United States ex rel. Nat'l Roofing Servs., Inc. v. Lovering-Johnson, Inc.*, 53 F. Supp. 2d 1142, 1144–45 (D. Kan. 1999) (citing *Jenkins v. Prudential-Bache Secs., Inc.*, 847 F.2d 631, 633 (10th Cir. 1988)).

[13] *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997) (citing *Bowles Fin. Grp., Inc. v. Stifel, Nicolaus & Co., Inc.*, 22 F.3d 1010, 1012 (10th Cir. 1994)).

[14] *Bowles*, 22 F.3d at 1013 (citing *Robbins v. Day*, 954 F.2d 679, 685 (11th Cir. 1992), *cert. denied*, 506 U.S. 870 (1992)).

hearing was concluded. Petitioners contend that pursuant to the Agreement, Respondent was required to provide notice at the address Petitioner had "advised by written notice it should receive such notice." According to Petitioners, this was the return address included in the termination letter that was sent to Respondent. Respondent argues that notice was proper under Rule 43(a) of the AAA Commercial Arbitration Rules and Mediation Procedures. Rule 43(a) provides that:

> Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules . . . may be served on a party by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.[15]

Respondent argues that under Tennessee law, a domestic LLC's registered agent is the LLC's agent for service of notice required by law to be served on the LLC.[16] According to Tennessee Secretary of State records, the address for Savannah Children, LLC's registered agent is the 1900 Richard Jones Rd. address.[17] Thus, Respondent argues, it complied with Rule 43(a) by having the AAA mail notice of the demand and hearing to this address. Additionally, Respondent argues that the emails of exhibits that it sent to Petitioners on December 11, 2015, provided notice of the demand and hearing.

Contrary to Respondent's assertion, the Court finds that it is the terms of the parties' Agreement, rather than Rule 43(a), that governs the method of service of notice between the parties. As stated above, the FAA governs this dispute. The text of the FAA "reflects the overarching principle that arbitration is a matter of contract . . . [a]nd consistent with that text,

---

[15]Rule 43(a), AAA Commercial Arbitration Rules and Mediation Procedures (available at www.adr.org) (last visited May 23, 2016).

[16]Doc. 7 at 7 (citing Tenn. Code Ann. § 48-208-104(a)).

[17]Doc. 7, Ex. 3.

courts must 'rigorously enforce' arbitration agreements according to their terms."[18] Here, the terms of the Agreement clearly stated that "mailed notices shall be addressed to the parties at the addresses each party has advised by written notice it should receive such notice."[19] The termination letter provided a return address for Petitioner Savannah. Thus, this address was the proper address for Savannah to receive notices under the Agreement.[20] Respondent has not provided any authority for the enforcement of the AAA Rules over the terms of the parties' Agreement. Further, the Court is not aware of any basis in law or equity for disregarding the terms of the Agreement.[21] Thus, the notice provision in the Agreement, rather than Rule 43(a), controlled as to proper service of notice in this case. Because Respondent did not provide notice in accordance with the terms of the Agreement, the Court finds that Petitioners were denied a fundamentally fair hearing.[22]

Further, the Court cannot find that the emails sent on December 11, 2015 provided sufficient notice to Petitioners. As explained above, for a variety of reasons none of these emails ever reached Petitioners. More importantly, the emails contained proposed exhibits for the December 15 hearing, rather than a notice of demand for arbitration or notice of arbitration hearing. Even if the emails contained notices, the emails would not have complied with the notice provisions in the Agreement, which required Respondent to send notices to 4231 Harding

---

[18]*Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013) (quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63 (2010); *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985)); *see* 9 U.S.C. § 2 (stating that arbitration agreements related to transactions involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract").

[19]Doc. 1, Ex. A ¶ 9.

[20]Respondent argues that this address was not the address that Savannah "advised by written notice it should receive such notice." However, the return address was communicated in writing to Respondent in the context of a termination letter. Thus, this address was the proper address for notices pursuant to the Agreement.

[21]*See* 9 U.S.C. § 2.

[22]The Court further notes that Petitioners do not appear to have received notice at the address of Savannah's registered agent under Tennessee law, 1900 Richard Jones Rd. *See* Doc. 8, Ex. 2. Thus, Petitioners did not receive actual notice under the terms of the Agreement or pursuant to Rule 43(a).

Pike, Nashville, TN 37205.  Therefore, the Court finds that Petitioners were denied a fundamentally fair hearing because they did not receive proper notice of the demand or hearing.

### C.    Refusal to Postpone January 15, 2016 Hearing

The Court finds that the arbitrator's refusal to postpone the January 15, 2016 hearing to allow counsel for Petitioners to attend provides another basis for vacating the arbitration award. Under the FAA, a court may vacate an arbitration award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy."[23]  Here, the arbitrator stated that the January 15 hearing would be limited to the sole issue of whether Petitioners had received notice of the earlier December 15 hearing.[24]  Thus, Petitioners were unable to present argument and evidence material to the merits of the controversy.  Further, the arbitrator refused to postpone the January 15 hearing after learning that counsel for Petitioners would be unable to attend because of a family emergency.  Such an emergency certainly constitutes "sufficient cause" to postpone an arbitration hearing, and there is no indication that the arbitrator was presented with a sufficiently countervailing interest to support refusing to postpone the hearing.  Thus, the Court finds that a basis exists under the FAA for vacating the arbitration award.

### D.    Award Against Michael Kennedy and Strasburg Children

Petitioners also argue that the arbitrator exceeded his authority in entering an award against Michael Kennedy and Strasburg Children based on a joint and several theory of liability. Respondent argues that the arbitrator was within his right to enter an award against these parties because Michael Kennedy was named as a successor to Savannah in the agreement and Strasburg

---

[23] 9 U.S.C. § 10.

[24] This limitation was apparently based on Mr. Best's belief that Petitioners had received notice of the arbitration demand and hearing.  However, the Court has found above that Petitioners did not receive such notice. *See* Part II.B, *supra*.

Children was liable as a continuing entity of Savannah.  Petitioners reply that Mr. Kennedy may be liable only under specific circumstances stated in the Agreement, which were not met here.[25]  Further, Petitioners argue that Strasburg Children was simply a trade name used by Savannah, rather than a continuing entity of Savannah.  Even assuming that a basis exists for holding Mr. Kennedy and Strasburg Children jointly and severally liable with Savannah, the fact remains that neither of these parties received notice of Respondent's demand for arbitration or the December 15, 2015 hearing.  Therefore, the Court finds that Petitioners Mr. Kennedy and Strasburg Children were denied a fundamentally fair hearing.

### III.   Conclusion

The Court finds that Petitioners were denied a fundamentally fair hearing based on the lack of notice of Respondent's demand for arbitration and lack of notice of the arbitration hearing.  Further, the Court finds that the arbitrator's refusal to postpone the hearing until counsel for Petitioners could participate provides grounds for vacating the award under the FAA.  Finally, even if a basis for joint liability existed, the lack of notice to Petitioners Michael Kennedy and Strasburg Children requires vacatur of any award against them.  Accordingly, the Court vacates the arbitration award entered in favor of Respondent and remands this case for arbitration.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioners' First Amended Motion to Vacate Arbitration Award (Doc. 4) is **granted**.  The Court vacates the final award and remands this matter for arbitration by a new arbitrator.

**IT IS SO ORDERED.**

Dated: May 26, 2016

---

[25] *See* Doc. 8, Ex. A at 3 (explaining that Michael Kennedy becomes liable if a children's apparel business is established outside the terms of the Agreement under any name involving Michael Kennedy).

                                            <u>S/ Julie A. Robinson</u>
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE